**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RAFFI KHATCHADOURIAN<br>The New Yorker<br>1 World Trade Center, 23rd Floor<br>New York, NY 10007,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE<br>600 19th St. NW<br>Washington, D.C. 20522,<br><br>*Defendant.* | Civil Action No. ____________ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. Plaintiff, Raffi Khatchadourian, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against Defendant United States Department of State ("DOS"), seeking disclosure of records concerning the International Whaling Commission ("IWC") and whaling policy from the 1970s and 1980s.

2. Defendant DOS violated FOIA by failing to make a determination on Plaintiff's October 24, 2022 and December 20, 2022 FOIA requests within the time period required by statute. 5 U.S.C. §§ 552(a)(6)(A)(i), (B)(i)–(iii). Plaintiff therefore requests declaratory relief that DOS has violated the FOIA, and injunctive relief requiring it to immediately process and release the requested records.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction under 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(C)(i).

4. FOIA confers jurisdiction on the U.S. District Court for the District of Columbia to adjudicate complaints arising under the FOIA, regardless of the plaintiff's residency. Venue thus lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

5. Plaintiff is a journalist and staff writer at *The New Yorker*, where he covers science, art, politics, foreign affairs, and national security. *See* Raffi Khatchadourian, *The New Yorker*, https://www.newyorker.com/contributors/raffi-khatchadourian (last accessed Nov. 11, 2023). Plaintiff is also the author of a forthcoming book, whose publication deadline is fast approaching.

6. Defendant DOS is an agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), with possession, custody, and control of the requested records.

**Plaintiff's October 24, 2022 FOIA Request**

7. On October 24, 2022, Plaintiff submitted a FOIA request to DOS seeking nine interagency reports drafted by the U.S. delegation to the International Whaling Commission ("IWC") between 1976 and 1982. The IWC is a multilateral body responsible for conducting whaling diplomacy and managing global whale stocks. *See* International Whaling Commission, NOAA Fisheries, https://www.fisheries.noaa.gov/international-affairs/international-whaling-commission (last updated Aug. 14, 2023).

8. In his FOIA request, Plaintiff explained that following each IWC meeting between 1976 and 1982, the U.S. delegation drafted a report describing the proceedings and how the developments aligned with American diplomatic objectives. The reports were then submitted to the Secretary of State. To assist DOS in its search, Plaintiff attached the cover sheet of one such report from 1979.

9. DOS acknowledged receipt of the request in an automated email on October 24, 2022, and assigned it the reference number F-2023-00787. DOS also invoked "unusual circumstances," namely "the need to search for and collect requested records from other Department offices or Foreign Service posts," to justify a 10-day extension to make a determination on the request. 5 U.S.C. §§ 552(a)(6)(A)(i), (B)(i)–(iii).

10. Having received no further response, Plaintiff emailed DOS on January 25, 2023, advising it that he had additional information that may help DOS identify the location of the requested records.

11. On January 31, 2023, DOS informed Plaintiff that it would update his file to reflect having received the above referenced correspondence, but DOS did not otherwise pursue Plaintiff's offer to clarify or refine his October 24, 2022 FOIA request.

12. On July 22, 2023, Plaintiff once again emailed DOS about the status of the request.

13. On August 4, 2023, DOS advised Plaintiff that the estimated processing date for his October 24, 2022 FOIA request was April 30, 2025.

14. After learning of the estimated processing date, on August 4, 2023, Plaintiff phoned the Office of Government Information Services ("OGIS"), a subcomponent of the National Archives and Records Administration ("NARA"), seeking assistance. When OGIS did not answer, Plaintiff left a voicemail.

15. On August 4, 2023, Plaintiff also called the FOIA officer at DOS. In that phone conversation, Plaintiff attempted to assist the officer by refining the request and offering context to the requested records. Despite Plaintiff's best efforts, the FOIA officer proved unreceptive.

16. On either August 16 or August 17, 2023, Plaintiff received a phone call from Carrie McGuire, the Mediation Team Lead of OGIS, following up on Plaintiff's August 4, 2023 voicemail. In that phone conversation, Plaintiff expressed concern about the delay in responding to his request and noted that he sought only nine specific reports. McGuire responded that she would look into the matter, asked Plaintiff for details in writing, and provided him with her email address.

17. On August 21, 2023, Plaintiff sent a follow-up email to McGuire, explaining the background, purpose and limited nature of his requests in writing, and providing documentation of his email communications with DOS.

18. On August 23, 2023, McGuire thanked Plaintiff for the documentation and advised him that she would follow up after touching base with DOS.

19. Having received no further word from McGuire, Plaintiff asked her for an update on September 18, 2023.

20. On September 20, 2023, McGuire informed Plaintiff that OGIS had reached out to DOS, but had yet to receive any response.

21. Having again received no further word from McGuire, Plaintiff emailed her a final time on November 3, 2023, seeking an update.

22. On November 9, 2023, OGIS staff advised Plaintiff that OGIS had still not received any word from DOS concerning Plaintiff's FOIA request.

23. To date, Plaintiff has received no further correspondence from DOS or OGIS, nor has he received any responsive nonexempt records from DOS.

24. Under FOIA, crediting a ten-day extension for "unusual circumstances," DOS was obligated to respond to Plaintiff's October 24, 2022 FOIA request within 30 working days from the date of receipt on October 24, 2022. 5 U.S.C. §§ 552(a)(6)(A)(i), (B)(i)–(iii).

25. Because DOS failed to make a determination on Plaintiff October 24, 2022 FOIA request within the extended 30-day timeframe for "unusual circumstances," Plaintiff has constructively exhausted administrative remedies. 5 U.S.C. §§ 552(a)(6)(A)(i), (B)(i)–(iii). Accordingly, this matter is properly before the Court.

**Plaintiff's December 20, 2022 FOIA Request**

26. On December 20, 2022, Plaintiff filed a second FOIA request with DOS seeking internal records discussing either of two whaling vessels operating in the 1970s, the M/V Sierra and the M/V Tonna. In the event such records were destroyed or transferred to the National Archives and Records Administration, Plaintiff alternatively requested copies of the corresponding destruction or transfer slips, and any documentation related to their destruction or transfer. Plaintiff's request provided relevant factual background.

27. On December 20, 2022, DOS acknowledged receipt of the request and assigned it the reference number F-2023-03022. In the same correspondence, DOS placed Plaintiff's request in the complex processing track, and again, invoked "unusual circumstances," namely "the need to search for and collect requested records from other Department offices or Foreign Service posts," to justify a 10-day extension to make a determination on the request. 5 U.S.C. § 552(a)(6)(A)(i), (B)(i)–(iii).

28. On January 9, 2023, Plaintiff asked DOS about the status of his December 20, 2022 FOIA request.

29. On January 11, 2023, DOS advised Plaintiff that the estimated date of processing for his December 20, 2022 FOIA request was June 30, 2025.

30. To date, Plaintiff has received no further correspondence from DOS, nor has he received any responsive nonexempt records.

31. Under FOIA, crediting a ten-day extension for "unusual circumstances," DOS was obligated to respond to Plaintiff's December 20, 2022 FOIA request within 30 working days from the date of receipt on December 20, 2022. 5 U.S.C. §§ 552(a)(6)(A)(i), (B)(i)–(iii).

32. Because DOS failed to make a determination on Plaintiff's December 20, 2022 FOIA request within the extended 30-day timeframe, Plaintiff has constructively exhausted administrative remedies. 5 U.S.C. §§ 552(a)(6)(A)(i), (B)(i)–(iii). Accordingly, this matter is properly before the Court.

## PLAINTIFF'S CLAIM FOR RELIEF

### DOS Is Unlawfully Withholding Records Responsive to Plaintiff's FOIA Requests

33. Plaintiff repeats and realleges the preceding paragraphs as if they were fully set forth herein.

34. In his October 22, 2022 and December 20, 2022 FOIA requests, Plaintiff properly requested records within the possession, custody, and control of Defendant DOS.

35. Defendant failed to make a determination on whether, or to what extent, it would fulfill Plaintiff's request within the extended 30-day statutory timeframe for "unusual circumstances." 5 U.S.C. § 552(a)(6)(A)(i), (B)(i)–(iii).

36. Defendant is unlawfully withholding records responsive to Plaintiff's October 22, 2022 and December 20, 2022 FOIA requests in violation of FOIA.

37. Because Defendant failed to make a determination on either of Plaintiff's FOIA requests, Plaintiff has constructively exhausted administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

38. Plaintiff is therefore entitled to injunctive and declaratory relief requiring Defendant to immediately process and disclose all requested records.

**Relief Requested**

WHEREFORE, Plaintiff Raffi Khatchadourian respectfully asks that this Court:

1. Declare Defendant DOS in violation of the FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i), (a)(6)(B)(i);

2. Order Defendant to immediately process Plaintiff's October 22, 2022 and December 20, 2022 FOIA requests and disclose all responsive nonexempt records;

3. Retain jurisdiction over this action to ensure that no agency records are wrongfully withheld;

4. Award Plaintiff attorneys' fees and costs;

5. Grant other such relief that this Court may deem just and proper.

Date: November 24, 2023

Respectfully Submitted,

*/s/ Jeffrey S. Gutman*

Jeffrey Gutman (D.C. Bar No. 416954)
Anne Weismann (D.C. Bar No. 298190)
Charles Brandt (LCvR 83.4 Student-Attorney)
Public Justice Advocacy Clinic
The George Washington University Law School
2000 G Street NW
Washington, DC 20052

Telephone: 202-994-5797
Fax: 202-994-3362
jgutman@law.gwu.edu